IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-42-BO

| | |
|---|---|
| GERALD MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  **O R D E R** |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross motions for judgment on the pleadings [DE 25 & 27]. For the reasons detailed below, plaintiff's motion is GRANTED and defendant's motion is DENIED. The decision of the Commissioner is REVERSED.

## BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits on July 1, 2010, alleging disability beginning on April 16, 2010. The applications were denied initially and upon reconsideration. Mr. Mitchell appeared with counsel for a hearing before an Administrative Law Judge ("ALJ") on September 19, 2011. On May 25, 2012, the ALJ issued a decision denying the claims at step five of the sequential evaluation process. On January 10, 2013, the Appeals Council denied plaintiff's request for review thereby rendering the ALJ's decision the final decision of the Commissioner. Mr. Mitchell then commenced the instant action for judicial review pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Mr. Mitchell suffers from serious orthopedic problems in addition to a heart condition. He has received regular treatment for low back pain and bilateral knee pain since December of 2008. [Tr. 322]. In February 2010, x-rays of his knees revealed widespread, advanced degenerative narrowing with marked narrowing of the patellofemoral space with asteophyte formation in both of his knees. [Tr. 283]. His doctor diagnosed him with severe degenerative joint disease ("DJD") in both of his knees and he received regular steroid injections to help address the pain. [Tr. 295]. In March of 2010, he made several trips to the ER for severe left hip pain [Tr. 278–81] and on March 23, 2010, an x-ray revealed marked hip joint space narrowing with cysts in both sides of the hip joint. [Tr. 261]. These findings were characterized as advanced arthritis. [Tr. 257–62]. On May 22, 2010, Mr. Mitchell underwent an MRI of his lower back due to persistent and severe pain. The MRI revealed severe left foraminal stenosis upon the exiting nerve root at L3-L4 and severe foraminal stenosis on the right root at L4-L5. [Tr. 362]. His orthopaedist attributed his severe, constant back pain and intermittent leg pain to these abnormalities. [Tr. 374–75].

At his hearing, Mr. Mitchell testified that despite treatment he still suffered from back pain which ran down his legs. [Tr. 41]. He had trouble standing, walking, and getting up from a sitting position. He took Percocet for back pain and Naproxen for his leg pain. [Tr. 41–42]. He stated that his medication helped, but that he still felt pain. [Tr. 42]. He testified that he could only walk for about 40-50 feet before he needed a break and that he regularly used a cane. [Tr. 43]. He said that he could stand for about 4-5 minutes before he needed to sit down and that he could sit for 30-40 minutes before needing to stand up. [Tr. 44]. He could not lift over 5-10 pounds. [Tr. 44]. He sometimes had trouble sleeping because of his back pain and needed help

2

putting his shoes on. [Tr. 45-46]. He stated that he did not do any house or yard work and that his medication often made him sleepy and required that he lie down during the day. [Tr. 46–47]. He also stated that his spinal injections only provided temporary relief before the pain would return. [Tr. 49].

## DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cit. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

Plaintiff alleges that the decision of the ALJ is not supported by substantial evidence because he improperly assessed the medical and testimonial evidence when determining plaintiff's residual functional capacity ("RFC"). Plaintiff also alleges that the ALJ erred by not considering plaintiff's DJD of the bilateral knees to constitute a severe impairment.

Plaintiff argues that he cannot walk for more than 40-50 feet at a time and therefore is unable to ambulate effectively pursuant to the 1.00 listings. In order to be capable of effective ambulation, an individual must be able to walk a block at a reasonable pace on rough or uneven

3

surfaces. A block is 100 meters or 328 feet. 20 C.F.R. Pt. 404, Subpt. P, App'x I § 1.00B(2)(b). Because he cannot ambulate effectively, plaintiff argues that he should have been disabled under the framework of the orthopedic listings 1.00, 1.02, or 1.04. However, an impairment meets the requirements of a listing when it satisfies all of the criteria of that listing, including any relevant criteria in the introduction, and meets the duration requirement. 20 C.F.R. § 404.1525(c)(3); *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Likewise, "[f]or a claimant to qualify for benefits by showing that his . . . combination of impairments is 'equivalent' to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Sullivan*, 493 U.S. at 531 (1990).

Plaintiff argues that he meets the listings based only on his testimony of ineffective ambulation. However, plaintiff does not present evidence or even argue that he meets or equals all of the criteria for any particular listing. The ALJ discussed the evidence in the record and concluded that plaintiff does not meet or equal all of the criteria for any such listing. [Tr. 23-24]. Further, no evidence in the record supports plaintiff's statements that he is unable to ambulate more than 40-50 feet. Although plaintiff was found on occasion to have an antalgic gait, no physician ever stated that he could not walk. Further, at various points he demonstrated a normal, steady gait with the ability to heel and toe stand without difficulty. [*See e.g.* Tr. 381]. The ALJ's determination that plaintiff did not meet listing 1.00, 1.02, or 1.04 is supported by substantial evidence.

After determining that the plaintiff did not meet the listings, the ALJ continued through the sequential evaluation and determined that plaintiff was not disabled because his testimony lacked credibility. [Tr. 25]. Plaintiff alleges that this is error. The regulations provide a two-step analysis for evaluating a person's subjective complaints of pain and other symptoms. 20 C.F.R. §

4

Case 7:13-cv-00042-BO   Document 31   Filed 03/13/14   Page 4 of 8

404.1529; *Craig v. Chater*, 76 F.3d 585, 591–96 (4th Cir. 1996). First, the adjudicator must determine whether there is objective medical evidence showing the existence of a medical impairment that could be reasonably expected to produce the pain or other alleged symptoms. 20 C.F.R. § 404.1529(b). However, an ALJ cannot require subjective evidence of pain in order for an individual's statements regarding their pain to be considered credible. *Hyatt v. Sullivan*, 899 F.2d 329, 332–33 (4th Cir. 1990). Second, the adjudicator evaluates the intensity and persistence of the symptoms to determine how they limit the capacity for work. 20 C.F.C. § 404.1529(c).

Here, plaintiff has produced evidence of severe DJD in both knees, severe foraminal stenosis in his lumbar spine at L3-L4 and L4-L5, and marked joint space narrowing in his left hip. His doctors have specifically attributed the severe pain plaintiff experienced to these abnormalities. [Tr. 368–70; 374–75; 378]. In the face of this evidence, the ALJ was not able to dictate the intensity of plaintiff's pain to the plaintiff.

Here, the ALJ found that plaintiff did provide evidence of medically-determinable impairments that could reasonably be expected to cause plaintiff's alleged symptoms. [Tr. 25]. This satisfied the first step of the credibility test, so the ALJ moved on to evaluate the intensity, persistence, and limiting effects of the alleged symptoms by considering several regulatory factors. *See* C.F.R. 404.1529(c). However, the reasons the ALJ relied on for finding that the evidence did not support disabling pain are not supported by the record.

The ALJ concluded that plaintiff did not regularly report increased pain with physical activity or that his pain was significantly interfering with his daily living activities. [TR. 26]. However, the evidence in the record shows otherwise. Plaintiff reported difficulty walking and standing secondary to his low back pain to Dr. Nasrallah in May 2010 and he also reported difficulty walking and standing secondary to pain to his orthopedist. [Tr. 377–78]. He reiterated

5

these concerns to his orthopedist in July of 2010. In the same month, his doctor noted that he walked with an antalgic gait with a cane. [Tr. 363–65]. In August of 2010, he reported that his pain interfered a lot with his daily activities, sleep, and family function. [Tr. 395]. That plaintiff did not bring up this pain at every doctor's visit is not important because his doctors would have been familiar with it.

The ALJ also concluded that plaintiff's pain must not be severe since he sometimes denied radicular pain and his clinical findings were relatively benign. [Tr. 26–27]. Although plaintiff's leg pain was intermittent, the record shows that his back pain was constant. [*See e.g.* Tr. 263–65; 344; 347–48; 363–65; 368–70; 371; 374–75; 378; 395; 397–98; 450–51; 452–54; 691]. His clinical examinations reveal multiple instances of reduced range of motion in his spine, tenderness to palpitation of his spine, and inability to walk without an antalgic gait and a cane. [Tr. 363–65; 378; 395–96; 399; 450–51; 691]. These findings persisted despite the treatment plaintiff was receiving.

The ALJ also found plaintiff's treatment for back pain to be generally successful. [Tr. 27]. However, the record shows that despite the treatment, plaintiff's pain and clinical abnormalities persisted. [Tr. 272–73; 295; 344; 378; 374–75; 368–70; 395; 397–99]. The record is consistent with his hearing testimony. [Tr. 49]. Temporary improvement in symptoms does not make an individual not disabled. The question is not whether plaintiff could obtain and perform a job during a period of improvement, but rather whether plaintiff could hold a job for any significant length of time. *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir. 1986). The record shows that despite the numerous treatments plaintiff received, his pain always returned. [Tr. 691].

6

Case 7:13-cv-00042-BO   Document 31   Filed 03/13/14   Page 6 of 8

The ALJ also did not find plaintiff's severe bilateral knee DJD to be a severe impairment. An impairment is not severe "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) (quotation omitted). The Fourth Circuit has noted that this severity standard is a slight one. *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 474 n.1 (4th Cir. 1999). Here, the ALJ found the DJD to be non-severe because Mr. Mitchell did not receive any treatment for his knees after his alleged onset date. [Tr. 22]. Plaintiff objects that he continued to use a cane and received injections in his knees after his alleged onset date. [Tr. 404, 687, 686, 677]. The ALJ erred by not finding that plaintiff's severe DJD of both knees was not a severe impairment.

The ALJ's finding is not supported by substantial evidence in the record as discussed above. The record evidence makes it clear that plaintiff has severe DJD in both knees, hip joint pain, severe stenosis at L3-L4 and L4-L5, severe constant back pain and intermittent leg pain. He takes Percocet and Naproxen, still has pain, cannot walk more than 40-50 feet and uses a cane. This evidence establishes that plaintiff is disabled and therefore the Court reverses the final decision of the Commissioner and remands to the Agency for an award of benefits consistent with this order.

## CONCLUSION

For the reasons outlined above, defendant's motion for judgment on the pleadings is DENIED and plaintiff's motion is GRANTED. The decision of the Commissioner is REVERSED. The matter is REMANDED to the Agency for an award of benefits consistent with this order. The clerk is directed to close the file.

SO ORDERED.

This, the ___ day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE